Markus Gruss, Plaintiff, *v.* Margarete Nettel, Defendant.

Supreme Court, Special Term, New York County, March 26, 1951.

*Hans Harnek* for defendant.

*Otto Muller* and *Paul Simon* for plaintiff.

Hammer, J. Defendant moves to dismiss the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice. The application for dismissal pursuant to rule 106 has been withdrawn.

The complaint alleges that plaintiff was a resident of Austria when he contracted to purchase a parcel of real property from defendant's parents, then also residents of Austria. It is claimed that by March 30, 1938, the full purchase price was paid but conveyance of title was refused. Plaintiff seeks to recover the purchase price from defendant, as one of the heirs-at-law of the vendors, as moneys had and received.

Defendant's parents died in Austria in 1942, leaving defendant as one of three surviving children. It is claimed by plaintiff that pursuant to Austrian Law (Austrian Civil Code, §§ 547, 799) an heir, having accepted his inheritance, represents the decedent in respect thereto, and that both the decedent and the inheritor are considered as one person in relation to a third person. Prior to the acceptance by the heir, the estate is con-

sidered as if still possessed by the decedent. Willingness to accept an inheritance must be expressly declared. Having in the year 1947 accepted the inheritance, it is alleged that defendant became liable under Austrian Law to payment of one third of the debts of her parents.

Upon this motion the defendant contends that this is a cause of action for money had and received arising in Austria on March 30, 1938. The period during which the Statute of Limitations was not tolled by virtue of the provisions of section 13 of the Civil Practice Act, it is asserted, was longer than six years, and accordingly the action is barred by the New York six-year Statute of Limitations (Civ. Prac. Act, § 48).

The defendant relies upon *Von Hofmannsthal* v. *Wolfe* (276 App. Div. 223) as decisive of the question presented. We agree that Judge Shientag's examination of the legislative intent in enacting section 13 of the Civil Practice Act clearly points the way to the determination of this motion. Section 13, so far as pertinent, provides: '' Where such cause of action, whether originally accrued in favor of a resident or nonresident, arose in a foreign country with which the United States or any of its allies was then or subsequently at war, or in any territory then or subsequently occupied by the government of such foreign country, the period between the commencement of the war, or the occupation of such country, and the termination of hostilities with such country, or the termination of such occupation, is not a part of the time limited in this article for commencing the action;'' (as amd. by L. 1948, ch. 834, and L. 1949, ch. 855).

While the 1948 and 1949 amendments, as the Appellate Division stated in *Von Hofmannsthal* v. *Wolfe* (*supra*) constituted an improvement, the legislative intent was not free from doubt. The opinion continues (p. 227): '' The war which the Legislature had in mind when it used that term in the amending statutes was the world war which began on September 1, 1939. It is clear from these amendments that the Legislature wanted to afford some measure of protection for a period arising before the United States entered the World War, i.e., from September 1, 1939. It is possible that it was the intention of the Legislature to extend the benefits of the tolling provisions to claims arising in what turned out to be enemy-occupied territory even before that date, for example, those arising in Austria during the Anschluss or after March 11, 1938. As has been stated, it is unnecessary to decide that last point on this appeal, for if we assume that the tolling period, for claims arising in enemy-occupied countries, begins from the time that the first ally of

the United States entered the war, that is, from September 1, 1939, the period of tolling is sufficient, in the instant case, to prevent the six-year New York Statute of Limitations from operating as a bar."

The very point left undecided as unnecessary to that appeal is at issue here, that is, whether the tolling period " was to commence from the date that the occupation began, although on that date neither the United States nor any of its allies were as yet at war with the occupying country ". (P. 225.) Here the claim arose on March 30, 1938. If the statute is to be tolled from the date Austria was occupied by Germany, March 11, 1938, to May 8, 1945, when hostilities ceased, or to May 2, 1945, when the unconditional terms of surrender went into effect, or even to April 29, 1945, when it may be said that the occupation terminated, then the period of tolling would be sufficient to prevent the six-year statute from operating as a bar. This action was commenced October 17, 1950. Thus, in our opinion, we have the " proper case " where the statute is tolled between the period when the foreign country, with which the United States or any of its allies was then or subsequently at war, occupied such country, and the termination of hostilities or the termination of such occupation. The 1949 amendment does not effect a shortening of the time limited for the commencement of the action.

Attention is called to the fact that in any event the motion would have to be denied, since a question of fact is raised as to the effect of the Austrian law involved, the plaintiff maintaining that no right accrued as against the defendant until she elected to take possession of her inheritance in the year 1947. The motion is denied.